NORMAN H. KIRSHMAN, P.C.
Nevada Bar Number: 2733
3800 Howard Hughes Parkway, Ste. 500
Las Vegas, NV 89169
Telephone: (702) 699-5917
Facsimile: (702) 369-5497
Attorney for *Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARY KAY PECK, an individual;<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF HENDERSON, a municipality; JAMES B. GIBSON, an individual; JACK CLARK, an individual; ANDY HAFEN, an individual; STEVE KIRK, an individual; GERRI SCHRODER, an individual; and DOES 1 through 25.<br><br>Defendants. | CASE NO.: 2:09-cv-00872<br><br>**FIRST AMENDED COMPLAINT** |

## I. INTRODUCTION

This lawsuit challenges and seeks damages from the City of Henderson ("COH") as the result of its fatally defective attempt to terminate the employment of Plaintiff Mary Kay Peck ("Plaintiff" or "Peck") as City Manager, in violation of her Employment Agreement, liberty and property interests and procedural due process rights guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution (the "Constitution"), and 42 U.S.C. §1983.

This lawsuit also seeks damages from the individual Defendants, who participated in private meetings, commencing in or about March 2009, culminating April 14, 2009, in a conspiracy to remove Plaintiff from her position as COH City Manager.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343 because Plaintiff asserts claims under the Constitution of the United States and 42 U.S.C. §1983.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

3. At all relevant times, Plaintiff Mary Kay Peck was City Manager of Defendant City of Henderson ("COH"), an incorporated municipality of Clark County, State of Nevada.

4. At all times relevant, Defendants James B. Gibson, Jack Clark, Andy Hafen, Steve Kirk and Gerri Schroder, were, respectively Mayor and members of the COH Council. Said Councilmembers are sued as individuals.

5. The events, conduct and actions alleged herein occurred in the COH.

## III. GENERAL ALLEGATIONS

6. In or about October 2007, Plaintiff was promoted from COH Assistant City Manager to City Manager.

7. The Employment Agreement (the "Agreement") attached hereto as Exhibit A, was unanimously approved by the City Council.

8. Prior positions with COH held by Plaintiff during the approximately fourteen (14) years she was employed by COH were Zoning Administrator, Planning Director, Director of Community Development, and Assistant City Manager.

9. On April 14, 2009, the COH Council voted unanimously to terminate Plaintiff's employment for cause.

10. Plaintiff was not offered a "Pre-termination hearing."

11. During Plaintiff's employment as City Manager, Plaintiff received no evaluations.

12. During the April 14, 2009 COH Council meeting, Plaintiff and her attorney were denied an opportunity to respond to allegations made during the public meeting. The allegations made by the Mayor and Councilmembers included:

    A. Plaintiff created a "culture of fear."

    B. Plaintiff's management style was divisive.

- 2 -

    C. Plaintiff directed her staff not to share sensitive information, i.e. budget and finance information, with the Councilmembers before providing her with that information and in some situations, Plaintiff withheld information from the Councilmembers.

    D. Plaintiff excluded key staff and managers from meetings, in particular an Assistant City Manager, from budget and policy related meetings.

    E. Plaintiff verbally abused staff members.

    F. Plaintiff directed an employee Councilman Jack Clark wanted as a participant in a meeting and investigation of a planned Science Center, to not attend.

    G. Plaintiff was not truthful in dealing with Councilmembers.

    H. Plaintiff failed in leadership on the question of fiscal accountability.

  13. None of the sources of the allegations referred to in Paragraph 12, above, have ever been revealed to Plaintiff or her attorney. Nor did Plaintiff or her attorney have an opportunity to respond to allegations made by the individual Defendants upon which they and each of them voted to terminate her employment <u>for cause</u>. (Exhibit B, Transcript COH Council Meeting, April 14, 2009, p. 38:1-9; Exhibit C, Transcript COH Council Meeting, April 14, 2009, Public Comments by Norman Kirshman).

### IV. FIRST CLAIM FOR RELIEF
(Against COH)
Violation of 42 U.S.C. §1983

  14. Plaintiff repeats and realleges paragraphs 1-13 as though set forth herein.

  15. The termination of Plaintiff's employment as City Manager thirty (30) months prior to the Agreement's stated termination date, violated her property interest in that she was not afforded a pre-termination hearing, or any opportunity to respond to allegations made against her at the public meeting on April 14, 2009. Nor was Plaintiff or her attorney apprised of the sources of the compound hearsay or given an opportunity to confront witnesses who allegedly provided those allegations.

  16. The termination <u>for cause</u> violated Plaintiff's liberty interest in that during the April 14, 2009 public meeting, Plaintiff's integrity, character, loyalty and competence were falsely impugned.

- 3 -

## V. SECOND CLAIM FOR RELIEF
(Against the Individual Defendants)
(Conspiracy)

17. Plaintiff repeats and realleges paragraphs 1-16 as though set forth herein.

18. During private meetings commencing in or about March 2009, the individual Defendants conspired to remove Plaintiff from her position as COH City Manager; and to implement the objective of the conspiracy at a public meeting on March 17, 2009.

19. The item concerning Plaintiff was removed from the March 17, 2009 Agenda because Plaintiff was placed on administrative leave effective March 16, 2009, and the Agenda item rescheduled for April 14, 2009.

20. The statements made by the individual Defendants at the public COH meeting on April 14, 2009, acting under color of law, willfully disparaged Plaintiff in violation of her liberty interest and due process rights under the United States Constitution, in reckless disregard for the truth. Plaintiff is therefore entitled to exemplary and punitive damages.

## VI. SUPPLEMENTAL STATE CLAIMS
(Against COH)

21. Plaintiff repeats and realleges paragraphs 1-20 as though set forth herein.

22. On April 14, 2009, the City of Henderson violated the Employment Agreement by terminating Plaintiff's employment as City Manager, <u>for cause.</u>

23. The City of Henderson violated NRS 241.010, et seq., when the individual Defendants participated in meetings in or about March 2009 and agreed to take official action in a public meeting on April 14, 2009 to remove Plaintiff as City Manager.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory and consequential damages against COH;
2. Punitive damages against the individual defendants;
3. Reinstatement as City Manager;

//
//

4. Attorney's fees and costs; and

5. Such other and further relief as the Court may deem just and proper

Dated: May 21, 2009

Respectfully submitted,

*Norman H. Kirshman*
Norman H. Kirshman
3800 Howard Hughes Parkway, Ste 500
Las Vegas, NV 89169
Attorney for Plaintiff