William E. Cooper, Esq.
William E. Cooper Law Offices
Nevada Bar No. 2213
601 E. Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 382-5111
Facsimile: (702) 382-2170

Attorney for *Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARY KAY PECK, an individual, <br><br> Plaintiff, <br><br> -vs- <br><br> THE CITY OF HENDERSON, a municipality; JAMES B. GIBSON, an individual; JACK CLARK, an individual; ANDY HAFEN, an individual; STEVE KIRK, an individual; GERRI SCHRODER, an individual; and DOES 1 through 25. <br><br> Defendants. | 2:09-CV-00872-JCM(GWF) <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

COMES NOW, Defendant City of Henderson and the above-named individual Defendants James B. Gibson, Jack Clark, Andy Hafen, Steve Kirk and Gerri Schroder, by and through their attorney William E. Cooper, Esq., and jointly answer the allegations in Plaintiff's First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. Answering Paragraphs 1, 2, 4 and 5, admit the allegations contained therein and further admit that the First Amended Complaint alleges that the individual Defendants are being sued in their individual capacity.

///

1

2. Answering Paragraph 3, admit Plaintiff was formerly employed as City Manager for the City of Henderson and that the City of Henderson is a municipal corporation incorporated under the laws of the State of Nevada, but deny each and every other allegation contained therein.

**GENERAL ALLEGATIONS**

3. Answering Paragraph 6, admit that in or about October 2007, Plaintiff signed an employment contract with the City of Henderson to become the new City Manager, but deny each and every other allegation.

4. Answering Paragraphs 7, 8 and 9, admit the allegations contained therein.

5. Answering Paragraph 10, because the term "Pre-termination hearing" is vague and ambiguous, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

6. Answering Paragraph 11, deny the allegations contained therein.

7. Answering Paragraph 12, admit that the transcripts of the April 14, 2009 Council meeting, which are attached as Exhibits B and C to the First Amended Complaint, speak for themselves as to what the Mayor and Council members said, but deny that Plaintiff and her attorney were denied an opportunity to address the City Council during the meeting.

8. Answering Paragraph 13, admit the transcripts attached to the First Amended Complaint as Exhibits B and C speak for themselves as to what transpired, but deny that Plaintiff and her attorney were denied an opportunity to address the City Council during the meeting. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that none of the sources of the allegations referred to in Paragraph 12 of the First Amended Complaint "have ever been revealed to Plaintiff - or her attorney", and on that basis deny the allegation.

**FIRST CLAIM FOR RELIEF**

9. Answering Paragraph 14, Defendants incorporate their answers to Paragraphs 1 through 13 of the First Amended Complaint.

10. Answering Paragraphs 15 and 16, deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

11. Answering Paragraph 17, Defendants incorporate their answers to Paragraphs 1 through 16 of the First Amended Complaint.

12. Answering Paragraphs 18 and 20, deny each and every allegation contained therein.

13. Answering Paragraph 19, admit that an agenda item concerning Plaintiff was removed from the March 17, 2009 City Council agenda, admit that Plaintiff agreed to be placed on administrative leave effective March 16, 2009, pursuant to an agreement entered into between legal counsel for the City and Ms. Peck's attorney, admit that a new agenda item concerning Plaintiff was placed on the April 14, 2009 City Council agenda, but deny each and every other allegation contained therein.

## SUPPLEMENTAL STATE CLAIMS

14. Answering Paragraph 21, Defendants incorporate their answers to Paragraphs 1 through 20 of the First Amended Complaint.

15. Answering Paragraphs 22 and 23, deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The individual Defendants named in the First Amended Complaint were at all relevant times government officials and the specific acts at issue were performed by them within the scope of their duties as government officials. As such, they are entitled to qualified immunity from suit because the constitutional violations alleged in the First Amended Complaint are not clearly established.

## THIRD DEFENSE

The individual Defendants named in the First Amended Complaint were at all relevant times government officials and the specific acts at issue were performed by them within the scope of their legislative acts as government officials. As such, they are entitled to absolute immunity from suit.

///

///

**FOURTH DEFENSE**

The individual Defendants named in the First Amended Complaint were at all relevant times government officials who are immune from suit because the specific acts at issue occurred during the exercise or performance of, or the failure to exercise or perform, a discretionary function or duty.

**FIFTH DEFENSE**

The individual Defendants were at all relevant times members of the Henderson City Council, a public body, and any statements made by them during the course of any public meeting are absolutely privileged. Said statements cannot constitute a ground for recovery in any civil action.

**SIXTH DEFENSE**

The individual Defendants named in the First Amended Complaint are immune from suit because the actions they took were in the course of exercising due care in the execution of a statute or regulation which has not been declared invalid by a court of competent jurisdiction.

**SEVENTH DEFENSE**

The City of Henderson is immune from punitive damages under 42 U.S.C. §1983.

**EIGHTH DEFENSE**

The City of Henderson is immune under 42 U.S.C. §1983 from any and all claims based upon respondeat superior liability.

**NINTH DEFENSE**

The City of Henderson is not liable under 42 U.S.C. §1983 if the alleged violation of Plaintiff's federally protected rights is not attributable to the enforcement of a municipal custom or policy.

**TENTH DEFENSE**

Defendants cannot be held liable for monetary damages for the alleged violation of NRS 241.010 et seq.

**ELEVENTH DEFENSE**

Plaintiff had no protected property right in continued employment as the City Manager of the City of Henderson under state law or under the terms of her employment contract.

///

**TWELFTH DEFENSE**

Plaintiff's state law claims are subject to the damage limitation set out in NRS 41.035.

**THIRTEENTH DEFENSE**

Plaintiff was an unclassified employee. The terms of her employment contract established the law and the respective rights of the parties to the contract.

**FOURTEENTH DEFENSE**

Plaintiff is estopped from asserting a violation of her due process rights because she waived any right to receive pre-termination notice and a hearing pursuant to the terms of her employment agreement.

**FIFTEENTH DEFENSE**

The terms of Plaintiff's employment contract were effective as a matter of law to waive her alleged constitutional due process right to reasonable notice and a pre-termination hearing.

**SIXTEENTH DEFENSE**

Plaintiff received all the process she was due.

**SEVENTEENTH DEFENSE**

Any claim or controversy between Peck and the City of Henderson arising under or in connection with her employment contract is subject to mandatory arbitration under the provisions of Plaintiff's employment contract.

**EIGHTEENTH DEFENSE**

Plaintiff has failed to mitigate damages.

**NINETEENTH DEFENSE**

The City of Henderson cannot be held liable under 42 U.S.C. §1983 since the acts of municipal officials did not inflict a constitutional injury on Plaintiff.

**TWENTIETH DEFENSE**

Any claim asserted by Plaintiff for tort damages is barred by the doctrine of economic loss.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred by the statutory immunities provided Defendants under Chapter 41 of the Nevada Revised Statutes.

**TWENTY-SECOND DEFENSE**

Pursuant to Fed.R.Civ.P. 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' answer, and as such, these answering Defendants reserve the right to amend their answer to add additional affirmative defenses if subsequent investigation and discovery warrants such an action.

. . .

. . .

WHEREFORE, Defendants prays as follows:

A. That Plaintiff take nothing by reason of her First Amended Complaint;

B. That Defendants be awarded their costs, expenses and attorney fees incurred in the defense of this action;

C. That Plaintiff's First Amended Complaint be dismissed; and

D. For such other relief as the court deems just and proper.

Dated this 8th day of June, 2009.

WILLIAM E. COOPER LAW OFFICES

By _____/s/_____
William E. Cooper, Esq.
601 E. Bridger Avenue
Las Vegas, Nevada 89101
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, has been forwarded to the following parties on this 8th day of June, 2009.

*Via Electronic Court Mail Delivery System*
Norman H. Kirshman
Law Offices of Norman Kirshman
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169


By:\_\_\_/s/_____
    Diedre N. Hoffman, an employee
    of William E. Cooper Law Offices