NORMAN H. KIRSHMAN, P.C.
Nevada Bar Number: 2733
3800 Howard Hughes Parkway, Ste. 500
Las Vegas, NV 89169
Telephone: (702) 699-5917
Facsimile: (702) 369-5497

Attorney for *Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARY KAY PECK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF HENDERSON, a municipality; JAMES B. GIBSON, an individual; JACK CLARK, an individual; ANDY HAFEN, an individual; STEVE KIRK, an individual; GERRI SCHRODER, an individual; and DOES 1 through 25.<br><br>Defendants. | CASE NO. 2:09-cv-00872<br><br>[Proposed] **JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiff, Mary Kay Peck ("Plaintiff" or "Peck"), and Defendants The City of Henderson, James B. Gibson, Jack Clark, Andy Hafen, Steve Kirk, and Gerri Schroder ("Defendants") hereby submit to the Court the following stipulated discovery plan and scheduling order pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule 26-1(e).

1. **Procedural History**

Plaintiff filed a Complaint on May 15, 2009 and an Amended Complaint on May 21, 2009. Defendants filed their Answer to the Amended Complaint on June 8, 2009. Defendants filed a Motion for Judgment on the Pleadings on June 25, 2009. Plaintiff's Response to the Motion is due on July 13, 2009. A Stipulation and Order Extending Time to July 28, 2009 for Plaintiff's response was filed on July 9, 2009.

//
//

**2. Meeting**

As required by Federal Rules of Civil Procedure 26(f) and Local Rule 26-1(d), a 26(f) conference was conducted on July 1, 2009. All parties appeared by telephone. Norman H. Kirshman, attended telephonically on behalf of Plaintiff and William E. Cooper attended telephonically on behalf of Defendants.

**3. Initial Disclosures**

Plaintiff and Defendants will exchange their respective Initial Disclosures no later than July 15, 2009.

**4. The Subjects on Which Discovery Will Be Conducted.**

It is Plaintiff's position that discovery should not be stayed and will be needed on Plaintiff's claims and causes of action, issues raised in pleadings, and the affirmative defenses that were raised in the Answer. It is Defendants' position that all discovery should be stayed until the court determines whether the individual defendants are shielded from suit by the doctrine of qualified immunity, which issue is now pending before the court by way of Defendants' Rule 12(c) Motion for Judgment on the Pleadings. In addition to the foregoing, the parties may agree to enter into a Stipulated Protective Order to protect and maintain the confidentiality of various items of information that may be sought and may be tendered during the discovery process.

**5. Issues Related to the Disclosure or Discovery of Electronically Stored Information**

Plaintiffs have not alleged, and the parties do not believe, that this case involves the use or misuse of electronic documents and/or systems. However, with respect to the production of electronically stored information, to the extent feasible, the parties agree that relevant electronically stored information, if any, can be exchanged by the in paper or disk format.

**6. Issues Relating to Claims of Privilege or Attorney Work Product**

The parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces

a document protected from disclosure by the attorney-client, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning with seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

7.  **Limits on Discovery**

The parties agree that discovery will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this Court without limitation or modification of the same. It is Plaintiff's position that discovery should not be stayed. However, it is Defendants' position that all discovery should be stayed until the court determines whether the individual defendants are shielded from suit by the doctrine of qualified immunity, which issue is now pending before the court by way of Defendants' Rule 12(c) Motion for Judgment on the Pleadings.

8.  **Discovery Plan**

Although it is Defendants' position that all discovery should be stayed until the court determines whether the individual defendants are shielded from suit by the doctrine of qualified immunity, which issue is now pending before the court by way of Defendants' Rule 12(c) Motion for Judgment on the Pleadings and it is Plaintiff's position that discovery should not be stayed, should the court elect to allow discovery to proceed, all discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this Court pursuant to the proposed following cut-off dates:

(a) **Discovery Cut-Off Date.** The cut-off for completion of discovery will be **December 7, 2009.**

| | | |
|---|---|---|
| 1 | (b) | **Motions for Extension of Discovery Cut-off** shall be no later than **November 27, 2009.** |
| 3 | (c) | **Amending the Pleading and Adding Parties.** The last date for filing a motion to amend the pleadings or add parties shall be **September 8, 2009.** |
| 5 | (d) | **Expert Disclosures.** Initial expert disclosures shall be made by **October 8, 2009.** Rebuttal expert disclosures shall be made thirty (30) days after the due date for expert disclosures on **November 7, 2009.** The parties shall have until the discovery cut-off date to take the depositions of the experts. |
| 9 | (e) | **Dispositive Motions.** Dispositive motions shall be filed thirty (30) days after the completion of discovery on **January 7, 2010.** |
| 11 | (f) | **Motions *in Limine*.** Pursuant to L.R. 16-3(b), any motions *in limine*, including Daubert-type motions, shall be filed and served thirty (30) days prior to the commencement of trial and oppositions shall be served fifteen (15) days thereafter. Reply briefs will only be allowed by leave of the court. |
| 16 | (g) | **Joint Pretrial Order.** The Joint Pretrial Order shall be filed by **February 6, 2010**, if no dispositive motions are filed. If any dispositive motions are filed, the Joint Pretrial Order shall be filed within thirty (30) days after the last decision on the merits. |
| 20 | (h) | **Anticipated Length of Trial.** The parties anticipate the length of the trial to be ten (10) days, including jury selection. |

9. **Interim Status Report.** The parties shall file an interim status report sixty (60) days before the discovery cut-off on **October 8, 2009.**

//
//
//
//
//

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order.**
Any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made twenty (20) days before the discovery cut-off date on **November 17, 2009.**

Dated: July 16, 2009

NORMAN H. KIRSHMAN, P.C.

// s //
Norman H. Kirshman, 2733
3800 Howard Hughes Parkway, Ste 500
Las Vegas, Nevada 89169

*Attorney for Plaintiff*

Dated: July 16, 2009

COOPER LAW OFFICE

// s //
William E. Cooper, 2213
601 E. Bridger Avenue
Las Vegas, Nevada 89101

*Attorney for Defendants*

**IT IS SO ORDERED.**

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

DATED: July 17, 2009