NORMAN H. KIRSHMAN, P.C.
Nevada Bar Number: 2733
3800 Howard Hughes Parkway, Ste. 500
Las Vegas, NV 89169
Telephone: (702) 699-5917
Facsimile: (702) 369-5497

Attorney for *Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARY KAY PECK, an individual,

Plaintiff,

v.

THE CITY OF HENDERSON, a municipality; JAMES B. GIBSON, an individual; JACK CLARK, an individual; ANDY HAFEN, an individual; STEVE KIRK, an individual; GERRI SCHRODER, an individual; and DOES 1 through 25.

Defendants.

CASE NO. 2:09-cv-00872

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' SECOND EMERGENCY MOTION TO STAY DISCOVERY and REQUEST FOR SANCTIONS**

Plaintiff's Supplemental Response is limited to addressing cases cited by Defendants, many of which neither involve 1983 litigation or address Qualified Immunity issues.

Harlow v. Fitzgerald, 457 U.S. 800, 817-819 (1982)

("bare allegations of malice not sufficient to subject government officials to cost and burden of 'broad reaching' discovery." Id. 818.

". . . government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

"If the law was clearly established, the immunity defense ordinarily should fail . . ." Id. 818, 819.

". . . we took jurisdiction of the case only to resolve the immunity question under the collateral order doctrine. We therefore think it appropriate to leave this question for fuller consideration by the district court and, if necessary, by the Court of Appeals." Id. 820[1]

"<u>We do not</u> view petitioners' argument on the statutory question as insubstantial." Id. 820 (Emphasis added).

<u>Groh v. Ramirez</u>, 540 U.S. 551 (2004)

At page 2, lines 22-25, Defendants quote Ramirez, id 567, "The protection of qualified immunity applies regardless of whether the government official's error is 'mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact.'" The quote is essentially accurate, but fails to inform the Court that the statement attributed to the Court's decision in <u>Ramirez</u> is in the <u>Dissent written by Justice Kennedy</u>, id. 567. The dispositive finding by the Court is, "The warrant was plainly invalid." Id. 557; ". . . did not simply omit a few items . . . stated that the items consisted of a single dwelling residence . . . blue in color." ". . . In other words, the warrant did not describe the items to be seized <u>at all</u>." Id. 558.

<u>Pearson v. Callahan</u>, 129 S.Ct. 808 (2009) is inapposite in that the case at bench does not involve a Fourth Amendment issue or "consent once removed" doctrine.

<u>Mitchell v. Forsyth</u>, 472 U.S. 511 (1985) is inapposite in that the case prohibiting warrantless wiretaps was decided after the wiretaps were made operative. The Court found the law was not clear at that time and Mitchell's qualified immunity protected him from liability.

<u>Hunter v. Bryant</u>, 502 U.S. 224 (1991) is inapposite. Arrest by Secret Service officers based upon a letter that raised concerns of an assassination attempt on the President. Officers entitled to qualified immunity. Issue, did letter constitute probable cause.

<u>U.S. Philips Corporation v. Synergy Dynamics International, LLC</u>, No. 2:05-cv-00577-PMP-GW. Defendant's Motion to Stay Discovery denied.

<u>Horsley v. Feldt</u>, 304 F.3d 1125 (3d Cir. 2002) is inapposite. Judgment on pleadings granted, in part, in defamation case.

---

[1]Nothing in the remand mandate ordered a stay on discovery.

1 | The balance of the cases cited on the case of the stay are factually inapposite.

Dated: August 10TH, 2009

Respectfully submitted,

NORMAN H. KIRSHMAN, P.C.

_____
Norman H. Kirshman (2733)
3800 Howard Hughes Parkway, Ste 500
Las Vegas, NV 89169
*Attorney for Plaintiff*

# CERTIFICATE OF MAILING

I hereby certify that on the 10th day of August, 2009, I served a true and correct copy of **"PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' SECOND EMERGENCY MOTION TO STAY ALL DISCOVERY and REQUEST FOR SANCTIONS"** by:

    X    serving the following parties electronically through CM/ECF as set forth below;

    \_\_\_\_    faxing a copy to the numbers below;

    \_\_\_\_    depositing a copy in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

William E. Cooper, Esq.
William E. Cooper Law Offices
601 E. Bridger Avenue
Las Vegas, NV 89101
wecooper@williamcooperlaw.com

*Lynn A. Vlahos*
An Employee of Norman H. Kirshman, P.C.