William E. Cooper, Esq.
William E. Cooper Law Offices
Nevada Bar No. 2213
601 E. Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 382-5111
Facsimile: (702) 382-2170

Attorney for *Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARY KAY PECK, an individual, | 2:09-CV-00872-JCM(GWF) |
| Plaintiff, | |
| -vs- | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO STAY DISCOVERY** |
| THE CITY OF HENDERSON, a municipality; JAMES B. GIBSON, an individual; JACK CLARK, an individual; ANDY HAFEN, an individual; STEVE KIRK, an individual; GERRI SCHRODER, an individual; and DOES 1 through 25. | |
| Defendants. | |

COMES NOW, Defendant City of Henderson and the above-named individual Defendants James B. Gibson, Jack Clark, Andy Hafen, Steve Kirk and Gerri Schroder, by and through their attorney William E. Cooper, Esq., and file their reply brief in support of Defendants' Motion to Stay Discovery.

It is alleged in Plaintiff's response that the purpose of taking the depositions of ten (10) people, is **to address the "Qualified Immunity" issue**. This is precisely the reason why discovery **must be stayed**. Proposed deponents Gibson, Clark, Hafen, Kirk and Schroder were at all relevant times elected members of the City of Henderson City Council. They are named Defendants in this

1

litigation. All Defendants in the litigation have joined in a Rule 12(c) Motion for Judgment on the Pleadings that is presently pending before the court. The motion seeks an order dismissing Plaintiff's First and Second Claims for Relief for failure to state a claim. The claim asserted in the First Claim for Relief is a §1983 action against the City for terminating Plaintiff's employment as City Manager. The claim asserted in Plaintiff's Second claim for relief is a civil conspiracy action against the individual Defendants. Finally, the motion seeks a determination by the court that the individual Defendants are protected from suit by the doctrine of qualified immunity. Defendants have asked the court for a ruling on the Rule 12(c) motion. See, Exhibit A attached hereto.

A copy of Defendants' Rule 12(c) motion was attached to Defendants' Emergency Motion as Exhibit B. The motion has been fully briefed. Plaintiff's response to Defendants' Rule 12(c) motion is attached hereto as Exhibit B, *exhibits omitted*. Defendants' reply brief in support of the Rule 12(c) motion is attached hereto as Exhibit C. In her response brief, Plaintiff has intentionally injected evidence outside the pleadings in an effort to unilaterally force the court to convert the Rule 12(c) motion to a Rule 56 motion. Plaintiff has injected into this proceeding new documentary material, new factual allegations that are not alleged in the First Amended Complaint, and a new theory of the case as to why the City Council voted to terminate Plaintiff's Employment Agreement. In their reply brief, Defendants have objected to Plaintiff's attempt to convert the Rule 12(c) motion to a Rule 56 motion and have asked the court to exclude the outside evidence.

**A.  Discovery Should Be Stayed Pending the Outcome on Defendants' Rule 12(c) Motion.**

A stay of discovery is necessary for several reasons. First, Plaintiff has no right to exploit the discovery process by using depositions to examine witnesses on the qualified immunity issue. The individual Defendants need to be protected by a stay of discovery. Whether Defendants are entitled to the protection of qualified immunity is **not an issue of fact** subject to the discovery process. If Plaintiff believes otherwise, then Plaintiff has a fundamental lack of understanding as to the procedural process the court must follow in determining whether the individual Defendants are protected by qualified immunity. Again, qualified immunity is not an issue of fact to be determined during the course of the litigation. Rather, because qualified immunity is "an immunity

from suit rather than a mere defense to liability. . .it is effectively lost if a case is erroneously permitted to go to trial". *Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 815, 172 L.Ed.2d 565, 2009 U.S.Lexis 591 (Jan. 21, 2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The "driving force" behind the creation of the qualified immunity doctrine was the desire to ensure that "insubstantial claims against government officials [will] be resolved **prior to discovery**". *Pearson*, 129 S.Ct. at 815 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, n2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (emphasis added)). Accordingly, the Supreme Court has repeatedly stressed "the importance of resolving immunity questions at the earliest possible stage in litigation". *Pearson*, 129 S.Ct. at 815 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). In *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the court stated that until the "threshold immunity question" is resolved, **"discovery should not be allowed"**. In *Mitchell v. Forsyth*, 472 U.S. at 526, the Supreme Court again stressed that unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal **before the commencement of discovery**.

In *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Supreme Court mandated a two-step sequence for resolving government officials' qualified immunity claims. When faced with a 12(b)(6) or (c) motion, the court must first decide whether the facts alleged in plaintiff's complaint make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is always applicable unless the official's conduct violated a clearly established constitutional right. *Anderson, supra*, 483 U.S. at 640.

In Pearson, the Supreme Court reconsidered Saucier's rigid two-step procedure because the initial determination of whether a plaintiff's constitutional right has been violated may result in unnecessary litigation of constitutional issues, thereby defeating the purpose that qualified immunity was intended to be an immunity from suit. *Pearson*, 129 S.Ct. at 817. The *Pearson* court said:
///

> *Saucier's* two-step protocol "disserve[s] the purpose of qualified immunity" when it "forces the parties to endure additional burdens of suit—such as the costs of litigating constitutional questions and delays attributable to resolving them—when the suit otherwise could be disposed of more readily."

*Id*. (Quoting *Brief of Nat. Assn. Of Criminal Defense Lawyers as Amicus Curiae 30*).

The *Pearson* court was concerned about applying the *Saucier* rigid two-step rule at the pleading stage when the precise factual basis for the plaintiff's constitutional claim or claims may be hard to identify. The court was concerned that the answer to whether there was a violation of plaintiff's constitutional right may depend on a kaleidoscope of facts not yet fully developed. *Id.*, 129 S.Ct. at 819. Accordingly, the Pearson court determined that the sequence of the Saucier two-step analysis was **not mandatory** and that lower courts have the discretion to determine in the first instance whether the alleged conduct of the defendants violated clearly established law before making a determination as to whether plaintiff's constitutional right was violated. *Id.*, 129 S.Ct. at 821-822. If a government official did not violate clearly established law then the official is entitled to qualified immunity even if plaintiff's constitutional right was violated by the official's conduct. In accord, *Tibbetts v. Kulongoski*, 2009 U.S.App.Lexis 11665 (9th Cir. May 29, 2009).

Based on the foregoing, the determination of whether qualified immunity applies to this case is a simple matter. The court merely determines in the first instance under the facts of this case whether the action of the City Council in terminating Plaintiff's Employment Agreement violated clearly established law. In her response to Defendants' Rule 12(c) motion, **Plaintiff failed to oppose or contest** Defendants' assertion that they are protected from suit by qualified immunity. See, Plaintiffs' Response Brief attached hereto as Exhibit B, *exhibits omitted*, pgs. 14-15. Plaintiff's failure to do so is highly significant because **Plaintiff bears the burden of establishing that the rights allegedly violated were clearly established at the time of Defendants' actions**. *Gasho v. United States*, 39 F.3d 1420, 1438 (9th Cir. 1994); *Gallegos v. City of San Gabriel*, 1995 U.S.App.Lexis 27347 *10 (9th Cir. Sept. 14, 1995) *Sawyer v. Johansen*, 1996 U.S.App.Lexis 32884 *6 (9th Cir. Dec. 6, 1996); *Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir. 1989) (unless and until the plaintiff is able to make the required showing that defendant's conduct violated a "clearly established" right, the government official is properly spared the burden and expense of proceeding

any further). Thus, the only issue before the court on a motion to dismiss based on qualified immunity is whether a plaintiff has met his or her burden of establishing that the rights allegedly violated were clearly established at the time of Defendants' actions. If the plaintiff fails to carry this initial burden, the defendant is entitled to immunity. *Conkey v. Reno*, 885 F.Supp. 1389, 1391-1392 (D. Nev. 1995). Thus, the determination of whether a constitutional right was clearly established at the time of the incident presents a **pure question of law**. *Harlow v. Fitzgerald*, 457 U.S. at 818 (reliance is on the objective reasonableness of an official's conduct, as measured by reference to clearly established law); *ACT Up!/Portland v. Bagley*, 988 F.2d 868 (9th Cir. 1993).

Based on the foregoing, discovery should be stayed until the court makes a determination on whether Defendants are protected by qualified immunity. As a matter of law, the individual Defendants have a right not to be exposed to discovery or the litigation process until that determination is made.

  **B. Plaintiff Has Not Come Forward with Any Legal Authority or Reason Which Would Preclude a Stay of Discovery.**

Both Plaintiff's response and supplemental response to Defendants' Emergency Motion to Stay Discovery are devoid of any legal authority which would preclude this court from staying discovery. Instead, Plaintiff contends that she would somehow be prejudiced by a stay because she is unemployed. However, because going forward with discovery would not alter Plaintiff's employment status, her unemployment provides no reason for not staying discovery. Plaintiff provides no explanation as to how she would be prejudiced by a brief stay of discovery until the court rules on Defendants' Rule 12(c) motion.

The second point raised in Plaintiff's response is that an ENE conference is scheduled before Magistrate Leavitt on October 20, 2009. The mere fact that an ENE is scheduled will not prejudice Plaintiff if the discovery is stayed. Discovery is not necessary for an ENE conference. The purpose of the ENE is to try to settle the case before the parties expend their resources in the litigation process. If discovery is stayed both parties are in the same boat, neither side can engage in discovery so there is no advantage to one side or the other.

/ / /

Other than the fact that Plaintiff is unemployed and an ENE conference has been scheduled, Plaintiff cites no authority in support of her contention that she would be prejudiced by a stay of discovery.

### C. A Stay of Discovery Is Appropriate When a Dispositive Motion Is Pending.

If Defendants' Rule 12(c) motion is granted, the individual Defendants will be protected from suit by qualified immunity and the §1983 claim against the City and the civil conspiracy claim against the individual defendants will be dismissed. Thus, the federal claims will be dismissed. The remaining supplemental state claims will also be dismissed because the City and Plaintiff have stipulated that in the event the federal claims are dismissed, any remaining supplemental state law claims shall be settled by arbitration. A copy of the Stipulation is attached hereto as Exhibit D. Thus, if the court grants Defendants' Rule 12(c) motion all claims pending in the federal court will be dismissed thereby saving the court substantial judicial resources.

### D. There Is a Strong Likelihood of Success on the Merits of Defendants Rule 12(c) Motion.

Defendants' Rule 12(c) motion has been fully briefed. Defendants believe there is a strong likelihood that their Rule 12(c) motion will be granted for the following reasons:

#### 1) Qualified Immunity.

Plaintiff bears the burden of establishing whether the constitutional rights allegedly violated were clearly established at the time of Defendants' actions. *Gasho v. United States*, 39 F.3d 1420, 1438 (9th Cir. 1994); *Gallegos v. City of San Gabriel*, 1995 U.S.App.Lexis 27347 *10 (9th Cir. Sept. 14, 1995); *Sawyer v. Johansen*, 1996 U.S.App.Lexis 32884 *6 (9th Cir. Dec. 6, 1996); *Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir. 1989). Thus, the only issue before the court on a motion to dismiss based on qualified immunity is whether a plaintiff has met his or her burden of establishing that the rights allegedly violated were clearly established at the time of defendants' actions. If the plaintiff fails to carry this initial burden, the defendant is entitled to immunity. *Conkey v. Reno*, 885 F.Supp. 1389, 1391-1392 (D. Nev. 1995). Here, Plaintiff has failed to meet her burden of proof on the qualified immunity issue. See, Defendants' Reply Brief, Section III, Exhibit C.

**2) §1983 Claim Against the City of Henderson.**

Plaintiff's §1983 claim is composed of two components, deprivation of a property interest without due process and deprivation of a liberty interest without due process.

**a) Deprivation of Property Interest.**

To have a claim for the violation of due process, Plaintiff must show that she had a property interest in continued employment. This Plaintiff cannot do. Section IV(A) of Defendants Reply Brief in Support of Motion for Judgment on the Pleadings addresses the continued employment issue. The terms of Plaintiff's Employment Agreement defined the law between the parties. The terms of Plaintiff's Employment Agreement did not give her a property interest in continued employment. The terms of the agreement also waived any rights Plaintiff may have otherwise had to a pre-termination hearing, notice of the allegations against her, opportunity to respond or an opportunity to confront witnesses. See, Defendants' Reply Brief, Section IV(B), Exhibit C.

**b) Deprivation of Liberty Interest.**

Plaintiff's liberty interest claim is premised on certain statements the individual Defendants are alleged to have made publically at the time the Council voted to terminate Plaintiff's employment. The statements are set out in Paragraph 12 of Plaintiff's First Amended Complaint. However, before Plaintiff can assert a violation of her liberty interest the statements must be false and must rise to the level of accusations of moral turpitude. The statements at issue do not rise to the level of moral turpitude. Instead, they only address Plaintiff's general incompetence and therefore do not infringe Plaintiff's liberty interest. See, Defendants' Reply Brief, Section IV(C), Exhibit C.

Defendants further contend that Plaintiff does not have a right to a name-clearing hearing because she failed to allege that the statements set out in Paragraph 12 of the First Amended Complaint were substantially false. Further, she waived her right to a name-clearing hearing when she elected to commence her §1983 action in federal court rather than proceed immediately to arbitration pursuant to the arbitration provision in her Employment Agreement. See, Defendants' Reply Brief, Section IV(C)(2) and (3), Exhibit C.

///

### c) Plaintiff's §1983 Claim Fails to State a Claim upon Which Relief Can Be Granted.

Plaintiff's First Claim for Relief, the §1983 claim, is also fatally defective in that Plaintiff has failed to affirmatively allege that her §1983 claim against the City is premised upon the enforcement of an "official policy, custom or practice". See, Defendants' Reply Brief, Section VI, Exhibit C.

In addition to Plaintiff's failure to allege an injury caused by an "official policy", Plaintiff's First Claim for Relief is subject to dismissal because the claim is not plausible in light of the fact that Plaintiff had no property interest in continued employment, the terms of her employment were governed by an Employment Agreement, Plaintiff waived her right to a pre-termination hearing, notice and an opportunity to respond, the statements of Council members did not rise to the level of moral turpitude and Plaintiff waived her right to a name-clearing hearing. See, Defendants' Reply Brief, Section VI, Exhibit C.

### 3) The Conspiracy Claim Against the Individual Defendants Fails to State a Claim.

Plaintiff's Second Claim for Relief asserts a conspiracy claim against the individual Defendants. Because the object of the alleged conspiracy was to "remove Plaintiff from her position as COH City Manager", and not to deprive Plaintiff of her constitutional rights protected by §1983, Plaintiff's Second Claim for Relief fails to state a claim upon which relief can be granted. This is so because the City Council had a lawful right to terminate Plaintiff's employment under the terms of the Employment Agreement. Thus, the purpose of the conspiracy is not unlawful. Plaintiff's Second Claim only presents a defective state law conspiracy claim which is not cognizable under Nevada law. See, Defendants' Reply Brief, Section V, Exhibit C.

Plaintiff's conspiracy claim is also fatally defective because the claim is not plausible. It is based solely upon a conclusory allegation which is not entitled to an assumption of truth. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Moss v. U.S. Secret Service*, 2009 U.S.App.Lexis 15694 (9th Cir. Jul. 16, 2009). Plaintiff's Second Claim for Relief is devoid of any other factual allegations which are necessary to

enhance the plausibility of Plaintiff's conspiracy claim. See, Defendants' Reply Brief, Section V, Exhibit C.

Based on the foregoing, Defendants believe there is a strong likelihood that they will prevail on the merits of their Rule 12(c) motion.

### E. Response to Plaintiff's Supplemental Response.

Plaintiff's supplemental response is bizarre. Defendants stand by every case they have cited. Defendants' first inclination was not to dignify Plaintiff's supplemental response by responding to it. However, Plaintiff's utilization of this tactic is a clear indication that Plaintiff has no viable substantive argument of her own that she can advance in opposition to Defendants' case law and argument. Plaintiff also used this "inapposite" approach in her response to Defendants' Rule 12(c) motion, and it backfired much to Plaintiff's embarrassment. See, Plaintiff's Response Brief, Exhibit B, *exhibits omitted*, pgs. 8-10. Then see, Defendants' Reply Brief, Section IV(A) and IV(C)(4). After the debacle of Plaintiff's failed criticism of Defendants' citation to *Paul v. Davis*, Plaintiff should have no credibility whatsoever in declaring what is or is not an "inapposite" decision.

### F. Absolute Immunity.

It is true that the individual Defendants are protected by a legislative privilege which provides them an absolute privilege over matters pertaining to the legislative function. *Bogan v. Scott-Harris*, 523 U.S. 44, 140 L.Ed.2d 79, 118 S.Ct. 966 (1998). However, the absolute privilege is separate and distinct from qualified immunity which protects Defendants' discretionary conduct. Defendants' absolute immunity is not at issue in Defendants' Rule 12(c) motion but will be asserted only when and if the individual Defendants are deposed, if ever. The absolute privilege will be asserted when necessary to preclude the Defendants from answering any questions which invade the legislative privilege. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

Inasmuch as a dispositive motion is pending, particularly on the issue of qualified immunity, the court should not allow merits discovery to proceed any further in this case because it will place an undue burden on Defendants which far exceeds any benefit Plaintiff would derive. In the event Defendants prevail on their Motion for Judgment on the Pleadings, any efforts expended by Defendants in having to respond to merits discovery would be an unnecessary waste of time and resources. Should Defendants' motion be denied, Plaintiff will still have ample time and opportunity to conduct discovery on the merits.

Based on the foregoing, Defendants' Emergency Motion for Stay of Discovery should be granted.

Dated this 14th day of August, 2009.

WILLIAM E. COOPER LAW OFFICES

By /s/
William E. Cooper, Esq.
601 E. Bridger Avenue
Las Vegas, Nevada 89101
Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANTS' REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO STAY DISCOVERY**, has been forwarded to the following parties on this 14th day of August, 2009.

*Via Electronic Court Mail Delivery System*
Norman H. Kirshman
Law Offices of Norman Kirshman
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169


By: _____/s/_____
Diedre N. Hoffman, an employee
of William E. Cooper Law Offices